# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re: )
) Chapter 11
NEW ERA DIE COMPANY, )
) Case No. 1-04-02621
Debtor. )
)

## OBJECTION OF BUSINESS LOAN EXPRESS TO
## MOTION OF DEBTOR IN POSSESSION TO SELL
## ASSETS FREE AND CLEAR OF LIENS AND ENCUMBRANCES

Business Loan Express ("BLX"), by and through its undersigned counsel, submits the within Objection to Motion of Debtor in Possession to Sell Assets Free and Clear of Liens and Encumbrances (the "Sale Motion"), and in support thereof, respectfully states as follows:

1. On or about April 30, 2004 (the "Petition Date"), New Era Die Company (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). Upon information and belief, the Debtor is continuing to manage its affairs and operate its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On or about June 29, 1999, the Debtor executed that certain promissory note (the "Note") in favor of Allied Capital SBLC Corporation ("Allied") in consideration for a loan in the

original amount of $800,000 (the "Loan"). As security for the Loan, the Debtor executed a mortgage (the "Mortgage") and security agreement (the "Security Agreement") which granted Allied, *inter alia*, (i) a first mortgage on certain real property located at 601 Maple Street, Red Lion PA 17356 and (ii) a first priority perfected security interest in the Equipment.

3. The Note, Mortgage and Security Agreement were subsequently assigned by Allied to BLX.

4. As of April 26, 2004, a total of $711,317.60 remains owed by the Debtor to BLX under the Note. No payments have been made by the Debtor to BLX since the Petition Date.

5. On the Petition Date, the Debtor filed the Sale Motion, which purports to sell certain of the Debtor's (i) equipment and machinery (the "Equipment") for $50,000 and (ii) inventory, materials and work-in-progress (the "Inventory") for $10,000.

6. BLX objects to the Sale Motion for the following reasons.

7. First, the Sale Motion fails to comply with Local Bankruptcy Rules ¶ 6004(a)-1 and ¶ 6004(c)-1, which govern asset sales under Section 363(f) of the Bankruptcy Code. These rules require that notice of proposed asset sales must include, *inter alia*:

   a. A general description of the property to be sold;

   b. A statement explaining where the property may be examined;

   c. An explanation as to how a prospective buyer may be afforded an opportunity to examine the property prior to the sale;

   d. Whether the sale will be advertised and, if so, how and when; and

   e. Whether the sale is subject to higher and better offers.

The Sale Motion and accompanying Notice of Sale are particularly deficient in that they fail to (i) provide anything more than a vague description of the property to be sold; (ii) explain where

2

Case 1:04-bk-02621-MDF    Doc 34    Filed 06/03/04    Entered 06/04/04 09:57:48    Desc
Main Document    Page 2 of 7

the property to be sold may be examined; (iii) explain to prospective purchasers how they may examine the property; (iv) advertise the sale and (v) provide a mechanism for higher and better offers.

8. Second, the Sale Motion does not include an appraisal or any other indication of value of the Equipment. Absent an appraisal, BLX cannot determine whether the $60,000 purchase price for the Equipment is fair and reasonable. Moreover, it appears that the Sale Motion contemplates a sale of substantially all of the Debtor's assets on a going concern basis. Apparently, the purchaser intends to operate the Debtor's business. Therefore, it is not clear to BLX whether and to what extent the Debtor will continue to operate following the sale. If this indeed is a going concern sale of the Debtor, then a determination of the going concern value of the Debtor should be made prior to any such sale.

9. Third, the Sale Motion incorrectly states that the Equipment is secured by loans in favor of BLX in the amount of $75,000. To the contrary, the Debtor currently owes BLX an amount in excess of $700,000.

10. Fourth, the Sale Motion does not provide that all proceeds from the sale of the Equipment are to be paid to BLX immediately following the closing. As the first lien holder in the Equipment, BLX is entitled to immediate payment of all proceeds derived from the sale.

11. Fifth, the Sale Motion contemplates that the purchaser will occupy the real estate owned by the Debtor upon which BLX holds the Mortgage. The Sale Motion further provides that the purchaser intends to vacate the real estate within 9 to 12 months and will pay rent at the contract rate while occupying the premises. But, the Sale Motion fails to identify the amount of the rent to be paid by the purchaser or what the supposed "contract rate" is. Additionally, the

3

Case 1:04-bk-02621-MDF    Doc 34    Filed 06/03/04    Entered 06/04/04 09:57:48    Desc
Main Document      Page 3 of 7

Sale Motion is deficient insofar that it does not state that all rents collected from the purchaser are to be paid directly to BLX as mortgagee on the property.

12. BLX has not and does not consent to the proposed lease arrangement between the Debtor and the purchaser, and even if it did, any rents collected by the Debtor should be immediately paid to BLX as an administrative claim. Because the Debtor has not made any postpetition payments to BLX, the Debtor should not be entitled to retain rents derived from the purchaser's use of the property upon which BLX holds a first mortgage.

13. Sixth, because the Debtor's Notice of Sale does not provide for higher and better offers, BLX believes that other prospective purchasers are in existence who may be willing to outbid the current purchaser. Any efforts to sell the property should include at the very least (i) notice to any other potential purchasers and (ii) a publication in an appropriate legal journal regarding the proposed sale of assets. It is further noted that at least one potential purchaser has filed an objection to the sale pursuant to which the objecting party has offered to purchase the assets for more than is proposed in the Sale Motion. As such, BLX believes that upon proper notice and publication, additional potential purchasers may come forward to bid on the assets.

14. Simply put, the Sale Motion fails to establish that the sale of assets is within the sound business judgment of the Debtor as required under Section 363 of the Bankruptcy Code and fails to comply with Bankruptcy Rule 6004 and the applicable Local Bankruptcy Rules governing asset sales outside the ordinary course of business. As such, BLX submits that the Sale Motion is should be denied.

15. Finally, BLX apologizes to the Court for the late submittal of the instant objection. BLX recently transferred the New Era Die file to a new division; therefore counsel for BLX was not provided with the bankruptcy pleadings until Tuesday, June 1, 2004. As such,

4

counsel for BLX only recently became aware of the pending Sale Motion. BLX respectfully requests that the Court consider the objections contained herein.

WHEREFORE, BLX respectfully requests that this Honorable Court (i) deny the Sale Motion and (ii) grant BLX any such further relief as this Court deems just and proper.

Respectfully submitted,

BUCHANAN INGERSOLL PC

By: /s/ Pamela S. Walker
P. Kevin Brobson
I.D. No. 76693
Pamela S. Walker
I.D. No. 85217
One South Market Square
213 Market Street, 3rd Floor
Harrisburg, PA 17101
Phone: (717) 237-4800
Fax: (717) 233-0852
Attorneys for Business Loan Express

DATE: June 3, 2004

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re: )
 )  Chapter 11
NEW ERA DIE COMPANY, )
 )  Case No. 1-04-02621
 Debtor. )
 )

## CERTIFICATE OF SERVICE

I hereby certify that I served or caused to be served this 3rd day of June, 2004, a copy of the foregoing document via first-class, postage prepaid U.S. mail upon the following:

Craig S. Sharnetzka, Esquire
Lawrence Young, Esquire
CGA Law Firm
29 North Duke Street
York, PA 17401

Jayne C. Shinko, Esquire
Office of Chief Counsel
Labor & Industry Bldg., 10th Floor
Seventh and Forster Streets
Harrisburg, PA 17121

Office of United States Trustee
P. O. Box 969
Harrisburg, PA 17108

Thomas E. Schmitt
Progressive Service Die Company
One Taylor Blvd.
New Kingstown, PA 17072

John J. McNally, III, Esquire
305 North Front Street
Harrisburg, PA 17101

New Era Die Company
P. O. Box 39
Red Lion, PA 17356

Howard Gershman, Esquire
Flamm Boroff and Bacine
Union Meeting Corporation Center
925 Harvest Drive, Suite 220
Blue Bell, PA 19422

Office of the U.S. Attorney
Federal Building
228 Walnut Street, Suite 220
Harrisburg, PA 17108

Department of Justice
P. O. Box 227
Ben Franklin Station
Washington, DC 20044

Office of Attorney General
Department of Justice
Constitution Avenue & 10th Street NW
Washington, DC 20530

IRS Special Procedures
Bankruptcy Section
P. O. Box 12051
Philadelphia, PA 19105

Leslie Puida, Esquire
Goldbeck McCafferty and McKeever
Mellon Independence Center
Suite 5000
701 Market Street
Philadelphia, PA 19106-1532

Clayton W. Davidson, Esquire
McNees, Wallace & Nurick
100 Pine Street
P. O. Box 1166
Harrisburg, PA 17108

Steven M. Carr, Esquire
119 East Market Street
York, PA 17401

By: *Pamela S. Walker* (signature)
Pamela S. Walker

DATE: June 3, 2004